# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C., a minor, by and through his Guardian Ad Litem, Whitney Castaneda,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No.  1:17-cv-00209-LJO-SAB<br><br>ORDER RE GUARDIAN AD LITEM<br><br>TEN DAY DEADLINE |

Minor Plaintiff E.C. filed this action in Tulare County Superior Court on August 16, 2016, against Patricia Olisse and Tulare County Health Clinic.  On February 13, 2017, this action was removed to the Eastern District of California; and the United States Government filed a notice of substitution pursuant to Title 28, U.S.C. § 2679(d)(2).  Plaintiff filed this action through his guardian ad litem, Whitney Castaneda.  However, there is nothing in the record to show that Whitney Castaneda has been appointed by the State court as guardian ad litem for the minor in this matter.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c).  This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation.  United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State

of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment of the guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."  Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015).  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward.  Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."  Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict.  Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child.  Id. at *2.

Accordingly, IT IS HEREBY ORDERED that within ten (10) days from the date of entry of this order, Plaintiff shall either file a notice regarding appointment as guardian ad litem by the State court or a petition for appointment of guardian ad litem in this action.

IT IS SO ORDERED.

Dated:   **February 14, 2017**

UNITED STATES MAGISTRATE JUDGE

2