# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C., a minor, by and through his Guardian Ad Litem, Whitney Castaneda,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:17-cv-00209-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PETITION FOR MINOR'S COMPROMISE BE DENIED WITHOUT PREJUDICE<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**BACKGROUND**

Plaintiff E.C., by and through his guardian ad litem, filed this action in the California Superior Court, County of Tulare alleging a negligence claim against Patricia Olise and the Tulare Community Health Clinic. (ECF No. 1 at 5-9.) On February 13, 2017, the United States of America removed this action to the Eastern District of California and filed a notice of substitution in place of the defendants in this action. (ECF No. 1.) On February 15, 2017, an order was filed requiring Plaintiff to file a petition for appointment of a guardian ad litem within ten days. (ECF No. 4.) On February 5, 2017, the United States filed a motion to dismiss the complaint which was referred to the undersigned. (ECF Nos. 5, 6, 7.) On February 23, 2017, the parties filed a stipulation to dismiss this action for lack of jurisdiction. (ECF No. 6.) On

1

February 24, 2019, an order issued directing the Clerk of the Court to close this matter pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. (ECF No. 8.)

On January 24, 2019, Plaintiff filed a motion for approval of a minor's compromise. (ECF No. 9.) On February 19, 2019, an order issued requiring Plaintiff to show cause in writing why the petition for minor's compromise should not be dismissed for lack of jurisdiction. (ECF No. 11.) On February 22, 2019, Plaintiff filed a declaration in support of approval of the minor's compromise and Defendants filed a statement regarding the petition. (ECF Nos. 12, 13.)

## II.

## DISCUSSION

Plaintiff seeks to have this Court approve the settlement of the minor's claims. In response to the order to show cause, Plaintiff states that an administrative settlement was obtained under the Federal Torts Claim Act in December 2018. Plaintiff contends that since the case was dismissed for failure to exhaust administrative remedies prior to filing this action, this court has jurisdiction to approve the minor's compromise pursuant to Rule 17 of the Federal Rules of Civil Procedure. Plaintiff also submits evidence that Whitney Castaneda was appointed as *guardian ad litem* by the Tulare County Superior Court in August 2016.

Defendant counters that this action was dismissed for lack of jurisdiction and this court does not have jurisdiction to consider the minor's compromise. Defendant states that it does not intend to appear for any proceedings regarding this matter as the case has been closed and asserts that the petition for minor's compromise should be filed in a state court of competent jurisdiction.[1]

The Federal Tort Claim Act ("FTCA") provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the

---

[1] In recommending denial of this motion, the Court does not express any opinion as the correctness of the Government's statement that a petition must be filed before a state tribunal.

agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The exhaustion requirement is jurisdiction and cannot be waived. D.L. by & through Junio v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992)).

Here, this action was dismissed because Plaintiff had not presented an administrative claim form to the United States prior to filing this action. (Stipulation of Dismissal of Plaintiff's Claims Against United States of America for Lack of Jurisdiction ("Stip. Of Dismissal") ¶ 3, ECF No. 6.) Plaintiff filed this action on August 16, 2016, (Compl., ECF No. 1 at 5-9), and his claim form was presented on January 9, 2017, (Stip. of Dismissal ¶ 3). Therefore, this action was dismissed without prejudice for failure to exhaust administrative remedies prior to bringing suit. (ECF No. 8.)

The Supreme Court has held that the most natural reading of section 2675(a) requires that administrative remedies must be exhausted prior to invocation of the judicial process. McNeil v. United States, 508 U.S. 106, 112 (1993). Therefore, exhaustion of administrative remedies during the pendency of an action does not cure the failure to exhaust prior to filing the action. McNeil, 508 U.S. at 112-113; McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quoting Jerves, 966 F.2d at 519).[2]

Here, this action was dismissed on February 23, 2017, for failure to exhaust administrative remedies prior to commencing the action. Accordingly, the Court finds that it does not have jurisdiction to consider Plaintiff's petition for minor's compromise.

### III.

### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for approval

---

[2] The Court does not make any findings regarding whether the limited exception identified in Valadez-Lopez v. Chertoff could be applicable in this action.

of minor's compromise be dismissed without prejudice.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 27, 2019**__

UNITED STATES MAGISTRATE JUDGE

4